UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FRANKIE BELL,

      Plaintiff,

v.                                      CASE NO.: 8:06-CV-553-T-MAP

MICHAEL J. ASTRUE[1]
Commissioner of Social Security,

      Defendant.
_____/

**ORDER**

Pursuant to 42 U.S.C. § 405(g), the Plaintiff seeks judicial review of the Commissioner's decision denying her claim for period of disability and disability benefits. In summary, she argues the ALJ failed to properly assess the opinions of her treating and examining doctors and the Florida Department of Workers Compensation restricting her to a limited range of sedentary work, and that the ALJ failed to properly assess the combined effect of all her impairments and subjective symptoms. Having carefully reviewed the record, I find the Commissioner correctly followed the regulatory scheme and the decision is supported by substantial evidence.

*A. Background*

Plaintiff, who was forty-six years old at the time of the ALJ's decision, has a tenth grade education and past relevant work experience as a school bus driver, bakery salesperson, and personnel clerk. She alleges disability due to lumbar disc and knee joint pain, carpal tunnel

---

[1] Michael J. Astrue replaced Jo Anne B. Barnhart as Commissioner of Social Security effective February 12, 2007.

syndrome with associated numbness in her upper extremities, chest pain, and depression. The ALJ, although finding that Plaintiff's carpal tunnel syndrome in her right wrist, osteoarthritis in her right knee, and generalized anxiety are severe impairments, concluded she possessed the residual functional capacity to perform a restricted range of sedentary or light work with maximum lifting of twenty pounds occasionally and ten pounds frequently, reduced by an occasional limitation with prolonged standing and a sit-stand option, and further reduced by an occasional limitation bending, stooping, climbing, and doing repetitive right hand motion. The ALJ also restricted her to simple routine tasks in an environment involving limited stress. Based on the vocational expert's testimony, the ALJ concluded Plaintiff may perform work in the national economy, including jobs as a cashier II and a food checker.

*B. Standard of Review*

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations that are currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 404.1520. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 404.1520(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Subpart P; and whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the

2

national economy in view of her age, education, and work experience. A claimant is entitled to benefits only if unable to perform other work. *See Bowen v. Yuckert,* 482 U.S. 137 (1987); 20 C.F.R. §§ 404.1520(f).

In reviewing the ALJ's findings, this Court must ask if substantial evidence supports those findings. *See* 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389 (1971). The ALJ's factual findings are conclusive if "substantial evidence" consisting of "relevant evidence as a reasonable person would accept as adequate to support a conclusion" exists. *See* 42 U.S.C. § 405(g); *Keeton v. Department of Health and Human Services*, 21 F.3d 1064 (11th Cir. 1994). The Court may not reweigh the evidence or substitute its own judgment for that of the ALJ even if it finds the evidence preponderates against the ALJ's decision. *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Further, the Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he/she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066; *Jamison v. Bowen*, 814 F.2d 585 (11th Cir. 1987) (remand for clarification).

 C. Discussion

  1. treating and examining physicians

Plaintiff contends the ALJ did not accord proper weight to the opinions of her treating and examining physicians. She asserts that the ALJ concluded she is capable of light work, notwithstanding the fact that none of the treating or examining physicians opined she is capable of doing such work. As the Commissioner notes, the record is replete with evidence that Plaintiff can in fact perform a restricted range of sedentary or light work and that the ALJ's conclusion is supported by substantial evidence.

The law of this circuit requires that the testimony of a treating physician be given substantial or considerable weight unless "good cause" is shown to the contrary. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The Commissioner's regulations dictate a similar preference:

> Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultive examinations or brief hospitalizations.

20 C.F.R. § 404.1527(d)(2). When considering medical opinions, the following factors apply for determining the weight to give to any medical opinion: (1) the frequency of examination and the length, nature, and extent of the treatment relationship; (2) the evidence in support of the opinion, i.e., "[t]he more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight" that opinion is given; (3) the opinion's consistency with the record as a whole; (4) whether the opinion is from a specialist; if it is, it will be accorded greater weight; and (5) other relevant but unspecified factors. 20 C.F.R. § 404.1527(d)(2).

An ALJ may reject the opinion of any physician when the evidence, as a whole, supports a contrary conclusion. *Bloodsworth*, 703 F.2d at 1240 (citing *Oldham v. Schweiker*, 660 F.2d 1078, 1084 (5th Cir. 1981)). Moreover, a treating source's opinion that a claimant is unable to work is not a "medical opinion" as defined by the regulations, but it is an opinion on an issue reserved to the Commissioner. 20 C.F.R. § 404.1527(e). Where the record contains such an opinion, the ALJ must evaluate all the evidence to determine the extent that it is supported by the record, but an opinion that a claimant is unable to work is never entitled to controlling weight or special significance.

S.S.R. 96-5p, 1996 WL 374183, *1-3 (S.S.A.). On a similar vein, Plaintiff asserts error because the ALJ rejected medical examiners' opinions that she is not capable of light duty work. A one-time examiner is not considered a treating physician; therefore, their opinions are not entitled to deference. *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987).

Here, the ALJ thoroughly summarized the medical evidence as a whole before reaching his disability determination. Objective medical tests covering the period of time from 1994 through 1997 are all negative. For example, a magnetic resonance test of Plaintiff's back shows only mild osteoarthritis, and a December 1995 assessment indicates a limited capacity for sedentary work, but notes that Plaintiff exaggerated symptoms and showed a lack of effort (R. 301-13). In March 1995, Dr. Edward Bass opined Plaintiff had reached MMI from her back and buttock injury and stated she was capable of very light duty work with limited walking and bending (R. 322). One year later, in March 1996, Dr. Bass concluded that despite Plaintiff's continued complaints of back and knee pain, she was not disabled and opined she could perform light work (R. 315-16).

Likewise, in December 1996, Dr. Dillenbeck, an independent medical evaluator, opined Plaintiff's allegations of pain were out of proportion with his findings upon examination and concluded she can perform sedentary and probably light work (R. 388). Dr. Martinez treated Plaintiff throughout 1997-98, and as the ALJ noted, all tests were negative and he concluded she could do work with no walking or standing for prolonged time periods that could be performed in a seated position (R. 193). In February 1997, Dr. Patterson opined that Plaintiff's pain symptoms were out of proportion with the clinical findings and concluded she was capable of full time sedentary work. Throughout the medical records there are concerns that Plaintiff's subjective

5

complaints are unsupported by the objective medical evidence and the inconsistencies between her effort and performance during examinations versus this objective medical evidence (R. 301-02, 351). Accordingly, after reviewing the medical evidence as a whole, I find the ALJ properly assessed the opinions of the treating and examining physicians and substantial evidence supports his disability determination.

Plaintiff further asserts error by the ALJ for failing to adopt the disability determination of the Florida Department of Worker's Compensation. As Plaintiff recognizes, the findings of disability by another agency, such as the Florida Department of Worker's Compensation, are generally entitled to great weight, although they are not binding. *Falcon v. Heckler*, 732 F.2d 827 (11th Cir. 1984). Here, in 1999 the Florida Department of Worker's Compensation imposed work restrictions of "no repetitive use of the lower extremities, no driving a school bus, sedentary work" (R. 86), and Plaintiff argues the ALJ erred by finding her able to do light work instead. However, an ALJ may reject a the division's findings just as he may reject a treating physician's opinions, so long as his decision is supported by substantial evidence. In *Heckler*, the worker's compensation division had found the plaintiff disabled and unable to work, whereas here the board concluded Plaintiff is capable of working. In this case, the ALJ concluded Plaintiff may perform a limited range of light work, with limitations similar to those imposed by the worker's compensation division and I find his decision is supported by substantial evidence.

Plaintiff next asserts error by the ALJ for failing to find that she suffers from a mental impairment. She argues that since Dr. Afield found her unable to work and Dr. Yokum found her prognosis "guarded," the ALJ should have concluded she was impaired due to anxiety and depression. However, these physicians were one-time examiners, not entitled to deference. Further,

as the ALJ notes, the medical records show Plaintiff has not sought treatment for either anxiety or depression since 1990, despite her treatment for a myriad of other medical ailments, confirming she does not suffer from a mental impairment. I find that the ALJ did not err in rejecting Dr. Afield's opinion as unsupported by the medical evidence as a whole. And, despite Plaintiff's assertion to the contrary, the hypothetical question to the vocational expert adequately addressed Plaintiff's mental health limitations to "performing routine tasks in an environment with limited work stress" (R. 503).

### 2. *Impairments in combination*

Where a claimant has alleged several impairments, the Commissioner has a duty to consider the impairments in combination and to determine whether the combined impairments render the claimant disabled. *Jones v. Department of Health and Human Services,* 941 F.2d 1529, 1533 (11th Cir. 1991). The Plaintiff maintains the ALJ did not meet this requirement. Specifically, she states the ALJ should have considered the degenerative changes in her left knee, rheumatoid arthritis, vertigo, right shoulder impingement syndrome, severe headaches, depression and associated lack of ability to concentrate or remember, loss of balance, and positional dizziness.

In recounting the Plaintiff's medical history, the ALJ mentions all of the Plaintiff's alleged impairments and limitations, and discusses the sequential analysis he is required to apply in determining whether she is disabled. Contrary to Plaintiff claim, the ALJ discusses at length Plaintiff's knee pain and arthritis, including her left knee (R. 19-20) and shoulder impingement (R. 20). He states "complaints of headaches have never been substantiated by objective laboratory tests," and notes a lack of evidence of care for mental health since 1990 (R. 23). The ALJ considers Plaintiff's subjective complaints about pain in her back, chest, head, and arms, as well as her complaints of generalized anxiety, and concludes after examining the entire record,

7

including the objective medical evidence, that she exaggerated the severity of her pain (R. 19-23). In reaching this conclusion, the ALJ notes that examining physicians characterized Plaintiff's complaints as out of proportion with the objective findings (R. 24).

In keeping with the regulations that demand the ALJ consider not just the disabling effect of each of impairment but also the combined effect of all the impairments, it is evident from the written decision that the ALJ complied and correctly considered Plaintiff's whole person in making his disability determination. *See* 20 CFR § 404.1523; *Davis v. Shalala,* 985 F.2d 528, 534 (11th Cir. 1993) (ALJ is to evaluate the "whole person"). At the outset, before summarizing all of Plaintiff's medical records and dismissing some of her alleged impairments as unsupported by the record, the ALJ states that "[a] a medically determinable impairment or combination of impairments is severe if it significantly limits an individual's physical or mental ability to do basic work activities." (R. 19) And, at the end of his written decision he summarizes his findings by stating that the Plaintiff "has an impairment or a combination of impairments considered "severe" based on the requirements in the Regulations 20 CFR § 404.1520(b), including carpal tunnel syndrome in the right wrist, mild lumbosacral osteoarthritis, mild post-arthroscopy right knee pain and generalized anxiety." (R. 25). Clearly, the ALJ met his regulatory obligations and his decision is supported by substantial evidence. *See Jones, supra* (almost identical language by ALJ found sufficient).

*D. Conclusion*

For the reasons stated, it is hereby

ORDERED:

1. The Plaintiff's complaint is dismissed and the Commissioner's decision is affirmed.

2. The Clerk is directed to enter judgment for the Commissioner.

DONE AND ORDERED at Tampa, Florida on August 17, 2007.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE